# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHILDREN OF THE RAINBOW HEAD START, LLC ; CHILDREN OF THE RAINBOW, INC.; and GALE WALKER, <br><br> Plaintiffs, <br> vs. <br> NEIGHBORHOOD HOUSE ASSOCIATION; RUDOLPH A. JOHNSON III; and NORMA JOHNSON, <br><br> Defendants. | CASE NO. 11cv1786 JM(POR) <br><br> ORDER DENYING MOTION TO DISMISS AS MOOT; GRANTING MOTION TO REMAND |

Plaintiffs Children of the Rainbow Headstart, LLC ("COTRHS"), Children of the Rainbow, Inc. ("COTR") and Gail Walker (collectively "Defendants") move to remand this action to state court. Defendants Neighborhood House Association Inc. ("NHA"), Rudolph A. Johnson III, and Norma Johnson move to dismiss the complaint. All motions are opposed. Pursuant to Local Rule. 7.1(d)(1), these matters are appropriate for decision without oral argument. Having carefully considered the papers of the parties, the court record, and appropriate legal authorities, the court denies the motion to dismiss as moot and grants the motion to remand. The Clerk of Court is instructed to remand this action to state court.

**BACKGROUND**

On June 29, 2011, Plaintiffs commenced this action in the Superior Court of California, County of San Diego, alleging ten causes of action for breach of contract, breach of the covenant of good

faith, promissory estoppel, intentional and negligent interference with prospective economic advantage, restitution, unfair business practices under §17200, express indemnity, and declaratory relief. On August 10, 2011, Defendants removed the action to this court. (Ct. Dkt. 1).

NHA, a non-profit public benefit corporation, is the San Diego County "grantee agency" for purposes of the Head Start Act, 42 U.S.C. §9831 et seq. Health and Human Services ("HHS") designated NHA as San Diego's grantee agency in the 1970s. Grantee agencies may subcontract with other child-serving agencies to provide services to Head Start children. Between January 2007 and June 2011 COTRHS and COTR, both for-profit entities, were subcontractors to NHA.

In broad brush, Defendants allege that NHA breached the payment provisions of the Service Agreement between the parties and wronged them by requiring them to purchase all food supplies from NHA at higher than market prices, by requiring Ms. Walker of COTR to pay NHA $240,000, by improperly administering the payroll systems of COTR, by overcharging for leased office space, by overcharging for payroll services, by unlawfully requiring COTR to enter into transportation agreements with NHA, by operating and then transferring an unlicensed facility to COTR, and by attempting to force COTR out of business. (Compl. ¶¶32-72).

In a related case, Neighborhood House Association v. Children of the Rainbow Head Start, LLC, et al., No. 11cv1965 JM(POR), on August 25, 2011 NHA commenced an action against Plaintiffs herein seeking declaratory judgment, injunctive relief, and recovery and accounting. On September 15, 2011, this court granted NHAs's motion for a temporary restraining order and required Plaintiffs herein to return all files and all other property purchased by, or procured through, federal Head Start funds. (No. 11cv1965; Ct. Dkt. 16).

**DISCUSSION**

**The Motion to Dismiss**

The court denies the motion to dismiss as moot for two reasons. First, for the below stated reasons, the court concludes that it lacks federal question jurisdiction of this action. Second, the motion to dismiss targets the original complaint that has been superseded by the operative First Amended Complaint filed on September 6, 2011. (Ct. Dkt. 11). The motion to dismiss is denied as moot.

**The Motion to Remand**

Defendants timely removed this action asserting federal question jurisdiction pursuant to 28 U.S.C. §1331. A state court civil action may be removed to federal court if the district court had "original jurisdiction" over the matter. 28 U.S.C. §1441(a). Federal question removal jurisdiction is determined from the face of the complaint as it existed at the time of removal.[1] Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979); Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (whether a claim arises under federal law is determined by the "well-pleaded complaint rule"). Defendants, as the parties who invoke federal removal jurisdiction, have the burden of demonstrating the existence of federal jurisdiction. See Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). Any doubts regarding removal jurisdiction are construed against Defendants and in favor of remanding the case to state court. See Gaus, 980 F.2d at 566.

Plaintiffs argue that all claims arise under state law and therefore there is no basis for federal question jurisdiction. This argument is not persuasive - - even though couched as a state law claim, the district court has original federal question jurisdiction where the claim is an "inherently federal claim" articulated in state law terms and "the right to relief depends on the resolution of a substantial, disputed federal question." Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1044 (9th Cir. 2003). To determine the existence of a substantial disputed federal question, the court asks whether "the federal question [is] 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible.'" Id. (citations omitted).

Defendants contend, citing Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308 (2005), that the underlying claims implicate "significant federal issues arising under the Head Start Act" such that the claims are inherently federal claims. (Oppo. at p.4:10-11). This argument is not persuasive. Grable concerned the sale of property by the Internal Revenue Service seized to satisfy a federal tax delinquency. The taxpayer then brought a quiet title action against the purchaser of the property in state court, claiming that the tax sale was invalid under 26 U.S.C. §6335.

---

[1] The court has not considered the First Amended Complaint in determining whether removal jurisdiction is proper.

1  The taxpayer's superior title claim was based solely on the IRS's alleged failure to comply with the
2  notice provision of 26 U.S.C. §6335.  The Supreme Court concluded that the adequacy of the notice
3  provided under the federal statute presented the only substantial contested legal or factual issue: the
4  "meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a
5  federal court,"  Id. at 315, and the exercise of jurisdiction does not disturb the "balance of federal and
6  state judicial responsibilities."

7        Here, in contrast to Grable, the thrust of the claims alleged in the complaint are that Defendants
8  breached the underlying contracts and otherwise allegedly engaged in tortious conduct related to those
9  agreements in violation of state law. (Compl. ¶¶ 25-164).  While federal statutes and regulations are
10 cited in the complaint, the federal issues do not appear necessary or basic to the state law claims.  The
11 federal claims appear collateral to the allegedly contractual and tortious disputes.  For example,
12 Defendants argue that the breach of contract claim may require interpretation of federal law because
13 the Service Agreement contains an Assurances Provision requiring the parties to comply with certain
14 federal laws: the Hatch Act (pertaining to political activity of the employee), the Copeland "Anti-
15 Kickback" Act (related to the use of grant monies), the federal statutes relating to non-discrimination
16 (including Title VII), and the Davis-Bacon Act (related to labor standards). (Sharp Decl. Exh. A, Exh.
17 D).  This "Assurances" provision, absent some fundamental federal dispute, does not convert
18 Plaintiffs' state law claims into federal ones.  Defendants also identify the following allegation as
19 arising under federal law: Plaintiffs' ability to "obtain competitive bids for food services,
20 transportation, payroll and IT services, NHA was in violation of federal and state law." (Compl. ¶98).
21 This allegation and generic reference to an unspecified "violation of federal law," is insufficient to
22 constitute a substantial contested legal or factual issue arising under federal law.

23       Defendants cite other allegations in the complaint that similarly fail to identify that the right
24 to relief necessarily depends on the resolution of a substantial federal question.  With respect to the
25 restitution claim, Plaintiffs allege that NHA's refusal to allow COTR to obtain competitive bids for
26 food services, transportation, payroll and IT services "placed Plaintiffs under duress and coercion that
27 has caused Defendants to be unjustly enriched." (Compl. ¶131(d); Oppo. at p.8:23-25).  This conduct,
28 Defendants argue, allegedly violates the Head Start Act.  The only provision cited by Defendants is

the Statement of Purpose provision, 42 U.S.C. §9801. This generic reference is insufficient for Defendants to establish federal jurisdiction. See Gaus, 980 F.2d at 566.

One claim that comes close to establishing federal question jurisdiction is the claim for breach of fiduciary duty. As alleged in the complaint, 45 C.F.R. §74.37 imposes on all recipients of federal funds the duty to hold such funds in trust for the beneficiaries of the programs.[2] Under this provision, as recipients of federal funds, Plaintiffs and Defendants are both trustees and cannot encumber any real or personal property acquired with federal funds. Defendants fail to establish that this regulation applies to the alleged contract and tortious conduct at issue. While the issues related to this claim may ultimately concern and touch upon a federal issue, the court cannot conclude that "the federal question [is] 'basic' and 'necessary' as opposed to 'collateral' and 'merely possible,'" Lippitt, 340 F.3d at 1044, especially where the majority of allegations supporting this claim arise from the breach of contract and related tortious conduct allegations. Accordingly, Defendants fail to establish that this regulation (and any potential remedy) depends upon the resolution of a substantial and disputed federal issue. As all doubts concerning removal jurisdiction are construed against removal jurisdiction, Gaus, 980 F.2d at 566, the court grants the motion to remand.[3]

Finally, upon careful consideration of the complaint, the court responds in the negative to the fundamental question posed by the Supreme Court in analyzing removal jurisdiction based upon the existence of a federal question: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any

---

[2] 45 C.F.R. §74.37 provides:

> Real property, equipment, intangible property and debt instruments that are acquired or improved with Federal funds shall be held in trust by the recipients as trustee for the beneficiaries of the project or program under which the property was acquired or improved, and shall not be encumbered without the approval of the HHS awarding agency. Recipients shall record liens or other appropriate notices of record to indicate that real property has been acquired or constructed or, where applicable, improved with Federal funds, and that use and disposition conditions apply to the property.

[3] While a federal statute may yet play a role in defense to Plaintiffs claims, defensive matters are not considered in determining removal jurisdiction. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983).

congressionally approved balance of federal and state judicial responsibilities?" <u>Grable</u>, 545 U.S. at 314.

In sum, the court grants the motion to remand the action to state court and denies the motion to dismiss as moot.

**IT IS SO ORDERED.**

DATED: September 23, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties